**IN THE COURT OF APPEALS OF IOWA**

No. 23-0013
Filed April 26, 2023


**IN THE INTEREST OF O.D., C.D., K.D., and T.D.,**
**Minor Children,**

**J.D., Father,**
     Appellant,

**A.D., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen,

District Associate Judge.


A mother and father of four children appeal the district court's adjudication

of their children as in need of assistance. **AFFIRMED ON BOTH APPEALS.**


Kelsey Knight of Carr Law Firm, P.L.C., Des Moines, for appellant father.

Nicole S. Facio of Newbrough Law Firm, L.L.P., Ames, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

Shannon M. Leighty of the Public Defender's Office, Nevada, attorney and

guardian ad litem for minor children.


Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother and father of four children born in 2012, 2017, 2019, and 2019 appeal the district court's adjudication of their children as children in need of assistance under Iowa Code section 232.96A(3)(b) and 232.96A(14) (2022). Because adjudication may affect subsequent proceedings, we will address both grounds. *In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014).

Iowa Code section 232.96A(3)(b) requires the State to prove the parents failed "to exercise a reasonable degree of care in supervising the child." Section 232.96A(14) requires the State to establish the parents suffered "from a mental incapacity, a mental condition, imprisonment, or drug or alcohol abuse that results in" inadequate care to the child or an imminent likelihood of inadequate care. We will address both provisions together.

The mother first became involved with the department of health and human services in 2011 based in part on her drug use. Her parental rights to a child not involved in these proceedings were terminated. *See In re A.N.*, No. 11-0757, 2011 WL 3689165, at *1 (Iowa Ct. App. Aug. 24, 2011) (noting parents' histories of "drug use" and the mother's "relapse to methamphetamine use").

Seven years later, both parents of the children involved in this proceeding were named in two founded child abuse assessments, the first "for drug use" and the second for "dangerous substances and a denial of critical care." The department implemented a safety plan that required the father to stay away from the home. The father failed to abide by the order and remained in the home. The mother tested positive for methamphetamine.

In 2022, the department again investigated the parents for methamphetamine use. The caseworker asked the mother to submit to a hair stat drug test. She refused. Two or three days later, the mother went to a drug-testing site of her choosing. She tested negative for methamphetamine on a urine test. A department employee testified the provider she used had "different parameters" than the employee was used to dealing with, the mother "did this on her own," and the test was taken "four days subsequent to her request." Another employee testified the general drug-detection period of a urine test for methamphetamine was "[t]ypically 48 to 72 hours," and a three-day delay "very well could be" outside the detection period.

Around the same time, the father was arrested following a traffic stop that uncovered "a pound of marijuana and a half [] pound of methamphetamine." The district court ordered the children removed from his custody but denied a request to have the children removed from the mother. The department reported she was "capable of parenting the children in an appropriate manner" but there were concerns she might be "using illegal substances," which, if true, "would essentially leave the children without a proper caregiver [and] supervision and place them at risk of harm."

In adjudicating the children in need of assistance under section 232.96A(3)(b), the district court stated:

> [T]he statute should be construed liberally and with the end toward preventing harm. The parents have a long association with drugs leading to criminal convictions and serious criminal allegations that have resulted in the father being jailed [for approximately three months]. [The mother] has had her parental rights to another child terminated over drug issues. The mother is struggling to provide for the children's supervision and stability. She has been able to do so

thus far but the future is tenuous for these children. . . . The mother has had to put in a significant amount of work just to make minimal improvements to the habitability of the home. The father's criminal activity means he was not supervising the children by a reasonable parent standard. His continued jailing means he has been in no position to supervise them . . . and is unlikely to be able to do so anytime in the foreseeable future. . . . Thus, the children are imminently likely to suffer harm (physical, mental, emotional and/or social).

As for the adjudication under section 232.96A(14), the court stated: "Again, the father's criminal activity and subsequent jailing are the salient facts. The children have received adequate care but the tenuousness by which the mother has been able to provide for them is hardly assured."

On our de novo review, we agree with the court's reasoning. With respect to the mother, we recognize the children were receiving adequate care at the time of the adjudication hearing. But the mother's past drug use and her recent circumvention of the department's drug testing protocol lead us to conclude the children were at imminent risk of receiving inadequate care.

We affirm the district court's adjudication of the children as in need of assistance.

**AFFIRMED ON BOTH APPEALS.**